IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:24CR00095 DPM |
| | ) | |
| MITCHELL BEST | ) | |

**UNITED STATES' SENTENCING MEMORANDUM IN SUPPORT OF A GUIDELINES SENTENCE**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Kristin H. Bryant, Assistant United States Attorney, requests that the Court impose a sentence of 60 years' imprisonment.

On July 2, 2024, the defendant was charged in a seven count Indictment with five counts of production of child pornography, one count of distribution of child pornography; and one count of possession of child pornography.

On February 18, 2026, the defendant pled guilty to two counts of production of child pornography. Each count carries a statutory penalty of not less than 15 years' imprisonment to not more than 30 years' imprisonment.

Based on the PSR, the defendant's guideline imprisonment range is life. PSR ¶ 71. However, the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 720 months or 60 years' imprisonment. *Id.*

In *United States v. Mireles*, 617 F.3d 1009, (8th Cir. 2010), the Eighth Circuit Court of Appeals recently reiterated that district courts should follow a three-step process in determining an appropriate sentence: (1) the district court should first calculate the advisory Guidelines

range; (2) the district court should then consider whether any "departure" is warranted under the Guidelines; and (3) finally, the district court should determine whether the sentencing factors of 18 U.S.C. § 3553(a) justify a "variance" from the Guidelines sentence. *See also United States v. Ziegler*, 463 F.3d 814, 817 (8th Cir. 2006); *United States v. Maurstad*, 454 F.3d 787, 789 (8th Cir. 2006); *United States v. Haack*, 403 F.3d 997, 1002 (8th Cir. 2005). "A sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining the appropriate sentence." *United States v. Richart*, 662 F.3d 1037, 1053-54 (8th Cir. 2011) (citations omitted).

18 U.S.C. § 3553(a) provides in pertinent part:

> "The court, in determining the particular sentence to be imposed, shall consider-
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed;
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [by

> the Sentencing Guidelines];
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

Regarding the type of proof that may be considered, "Congress has provided that 'no limitation shall be placed on the information concerning the background, character, and conduct of a person' that a court may 'consider for the purpose of imposing an appropriate sentence.'" *United States v. Schlosser*, 558 F.3d 736, 740 (8th Cir. 2009) (*quoting* 18 U.S.C. § 3661). "[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Id*. (*quoting United States v. M.R.M.,* 513 F.3d 866, 870 (8th Cir. 2008) (quotation omitted).

There is no need to detail in a public filing the vile, disgusting, despicable, and wicked acts committed by the defendant in this case and as outlined in the PSR. A reading of the PSR alone adequately explains why a sentence of 60 years' is deserved. This defendant's actions changed the trajectory of the innocent child in this case. There is no rehabilitating him, there is only punishing him and protecting the public from him. When considering the § 3553(a) factors, a Guideline sentence is the only sentence that is appropriate in this case.

For all of these reasons, and the reasons that will be presented at the sentencing hearing, the Court should sentence the defendant to 60 years' imprisonment.

Respectfully Submitted,

JONATHAN D. ROSS
United States Attorney

KRISTIN H. BRYANT
Assistant United States Attorney
Arkansas Bar Number 2009156
425 W. Capitol, Suite 500
Little Rock, Arkansas 72201
501-340-2600
kristin.bryant@usdoj.gov